IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EMILY PENNING, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV190 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PFIZER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' Joint Motion for Protective Order ([Filing No. 26](#)). In the course of discovery, defendant Pfizer, Inc. and plaintiff Emily Penning, will produce documents, data, discovery responses, medical and/or mental health records, and other material that is confidential, proprietary, privileged, constitutes trade secrets or is otherwise to be protected from public dissemination. To ensure that such material is kept and remains confidential and is not to be used for any purpose other than discovery and trial preparation in this case, the parties shall abide by the following terms:

1. This Order shall apply to and govern the handling of all disclosures, documents, answers to interrogatories, responses and requests for admission, testimony and other information, including all copies, excerpts, and summaries thereof (hereinafter referred to as "Material") produced, given or filed during discovery and other proceedings in this action.

2. In designating Material as "Confidential," a party to this action shall make such a designation only as to Material that the party in good faith believes constitutes confidential information, including, without limitation, any documents, testimony or other Material which constitutes confidential personnel information and records regarding

persons who are not parties to this action, such as personnel files and compensation and benefits information.

3. "Confidential" Material, as used in this Order, shall refer to any so designated document, testimony, or other Material and all copies thereof, and shall also refer to the information contained in such Material. No designation shall be made unless the designating party or non-party believes in good faith that the designated Material is entitled to such protection.

4. Material designated "Confidential" shall be maintained in confidence by the party to whom such Material is produced and shall not be disclosed to any person except:

   (a) the Court and its officers;

   (b) the parties;

   (c) counsel, whether retained counsel or in-house counsel;

   (d) employees of counsel; and

   (e) third parties engaged by counsel or the parties to assist in this litigation, deponents, or hearing witnesses, provided that any such third party, deponent, or hearing witness has first signed an undertaking in the form of Exhibit A attached hereto.

5. Discovery material designated "Attorneys Eyes Only" shall be maintained in confidence by the counsel to whom such material is produced and shall not be disclosed to any person except:

   (a) the Court and its officers;

   (b) counsel, whether retained counsel or in-house counsel;

   (c) employees of counsel; and

    (d)    third parties engaged by counsel or the parties to assist in this litigation, provided that any such third party has signed an undertaking in the form of Exhibit A attached hereto.

6. Material produced without the designation of "Confidential" may be so designated subsequent to production when the producing party failed to make such designation at the time of production.

7. Nothing herein shall prohibit either party from seeking an Order that designated Material is not entitled to "Confidential" or "Attorney Eyes Only" treatment or that otherwise affects the treatment of Material.

8. Other than as provided in paragraphs 4 and 5 above, no designation of "Confidential" or "Attorney Eyes Only" shall be effective unless there is placed or affixed on such Material a "CONFIDENTIAL" or "Attorney Eyes Only" marking.

9. All Material designated as "Confidential" or "Attorney Eyes Only" shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, except in response to a court order, order of an administrative tribunal, subpoena, or search warrant. The parties will notify each other of receipt of such orders, subpoenas, or warrants within 24 hours of receipt of same.

10. At the final conclusion of this case (including exhaustion of appeals) all Material designated as "Confidential" or "Attorney Eyes Only" produced pursuant to discovery, and all copies thereof, shall be destroyed (by shredding or other similar means) and opposing counsel shall certify in writing that such Material has been destroyed.

11. Parties may stipulate in writing among themselves that specified "Confidential" or "Attorney Eyes Only" material may be filed in the public record other than under seal, in redacted or unredacted form. Absent such stipulation, if information and documents produced pursuant to this Stipulated Protective Order and marked "Confidential" or "Attorney Eyes Only" are to be filed with the Court, the filing party shall seek leave of court to file such materials under seal. No filing under seal, or any other designation as a restricted document, is permitted without previously-obtained court approval. A party may present "Confidential" or "Attorney Eyes Only" documents to the Court's chambers by following the procedures set forth in Local Rule 26(d).

12. The restrictions set forth in any of the preceding paragraphs shall not apply to Material that:

    (a) was, is, or became public knowledge in a manner other than by violation of this Order;

    (b) is acquired by the non-designating party from a third party having the right to disclose such Material; or

    (c) was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

13. The protections of Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B) regarding inadvertent disclosure shall apply in this matter. Any privilege or protection is not waived by inadvertent disclosure of attorney-client privilege or work product privilege in this action

14. This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by order of the Court.

15.     After the case is closed in the District Court, the parties may obtain the return of any previously-sealed or previously-restricted documents or Material by a motion filed within sixty (60) after the case is closed.  Any documents or Material that are not so withdrawn will become part of the public case file.

**IT IS SO ORDERED**.

DATED this 22nd day of March, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge